**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-6084

_____

JAMARV PAREMORE HAMMOND, also known as Jamarv P. Hammond, #265009,

Plaintiff - Appellant,

v.

LIEUTENANT BURNS; SERGEANT CHRISTOPHER COONS; CORPORAL COOPER; CORPORAL JULIUS BEAN,

Defendants - Appellees,

and

SHERIFF L. C. KNIGHT; MAJOR RICHARD DARLINGTON,

Defendants.

_____

No. 22-6086

_____

JAMARV PAREMORE HAMMOND, also known as Jamarv P. Hammond, #265009,

Plaintiff - Appellant,

v.

SHERIFF L. C. KNIGHT; MAJOR R. DARLINGTON; LIEUTENANT BRANCH; JOHN DOE, Transportation Sgt.; SHERIFF AL CANON; CHIEF DEPUTY WILLIS BEATTY; MAJOR HARRIS; MAJOR GRANT; CAPTAIN SALTERS; LT. LUKE; LT. DRISCOLL; SGT. GLADDEN; SGT. SHEPPARD,

Defendants - Appellees.

_____

Appeals from the United States District Court for the District of South Carolina, at Florence. Joseph F. Anderson, Jr., Senior District Judge. (4:20-cv-03113-JFA, 4:20-cv-03114-JFA)

_____

Submitted: July 21, 2022                                          Decided: July 26, 2022

_____

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Jamarv Paremore Hammond, Appellant Pro Se. George Buist Smythe, Jr., Mount Pleasant, South Carolina; J.W. Nelson Chandler, CHANDLER & DUDGEON LLC, Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jamarv Paremore Hammond, a federal inmate, seeks to appeal the district court's denials of relief in two civil actions. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties have 30 days after the entry of the district court's final judgment or order to note an appeal in a civil case, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). A district court may reopen the appeal period under Rule 4(a)(6) if (1) the party moving for reopening did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the entry of the judgment or order, or within 14 days after receiving notice of such entry, whichever is earlier; and (3) a reopening would not prejudice any party.

In Case No. 22-6084, the district court accepted the magistrate judge's recommendation and awarded summary judgment to the defendants in an order entered on November 29, 2021. And in Case No. 22-6086, the district court accepted the magistrate judge's recommendations and denied relief on Hammond's complaint in an order entered on September 29, 2021. Hammond noted an appeal in each case on January 11, 2022.[1] Thus, in each case, Hammond's appeal was filed after the 30-day appeal period expired.

---

[1] We assume that the dates appearing on Hammond's notices of appeal are the earliest dates that he could have provided them to prison officials for mailing to the district court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

Hammond stated in each notice of appeal, however, that he did not receive the district court's final order until January 6, 2022.

Because Hammond's notices of appeal informed the district court that he wished to appeal and that he did not receive the court's final orders until January 6, we construe them as motions to reopen the appeal period. We therefore remand to the district court for the limited purpose of determining whether Hammond is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6) in one or both cases.[2] The records, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[2] We defer ruling on Hammond's motions to appoint counsel and to forgo service on other parties.